## In re JOHN MORROW & CO.

(District Court, S. D. Ohio, W. D.   October 31, 1901.)

### No. 3,000.

1. BANKRUPTCY—PREFERRED CLAIMS—SURRENDER—CASH TRANSACTIONS—USAGES.

Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], provides that a person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property, the effect of which will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class; and section 57g, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], declares that the claims of preferred creditors shall not be allowed unless the preferences are surrendered. *Held*, that a sale of goods by a creditor to a bankrupt firm, to be paid for in 10 or 30 days, could not be regarded as a cash transaction within such statutes either by agreement of the parties or by usage, so as to entitle the creditor to retain payment and prove the balance of his claim against the bankrupt's estate.

2. SAME—PREFERRED CREDITORS—SUBSEQUENT CREDIT—SET-OFF—GOOD FAITH.

A bankrupt firm's indebtedness to one of its creditors was settled by the giving of three notes payable in one, two and three years, with in-

terest, and thereafter, for the purpose of enabling the bankrupt to continue business, the creditor supplied the firm with goods under its agreement to pay therefor within ten days from delivery, such payments not being intended to be applied on the pre-existing indebtedness. *Held*, that indebtedness for such goods was a new credit, which the creditor was entitled to set off against previous preferences under Bankr. Act July 1, 1898, c. 541, § 60c, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446], providing that if a creditor has been preferred, and afterwards in good faith gives the debtor further credit without security of any kind, etc., the amount thereof remaining unpaid at the time of bankruptcy may be set off against the amount otherwise recoverable from him.

Petition for Review.

Kiefer & Kiefer, for petitioners.
Bowman & Bowman, for bankrupt.
John L. Plummer, for Parke, Davis & Co.

THOMPSON, District Judge. The adjudication of bankruptcy was made on the 19th of January, 1901. In the first part of August, 1900, the bankrupts, being insolvent, and being indebted to Parke, Davis & Co. in the sum of $6,825, an agreement was entered into between the bankrupts and Parke, Davis & Co., by the terms of which the bankrupts were to give Parke, Davis & Co., in settlement of their indebtedness, their three promissory notes for $2,275 each, payable in one, two, and three years, with interest, and thereafter all shipments of goods by Parke, Davis & Co. to the bankrupts were to be paid for within ten days from delivery. In pursuance of this agreement the notes were given on the 4th of September, 1900, and eight shipments of goods were made to the bankrupts, beginning with the 20th of August and ending with the 26th of November, 1900, and payments were made by the bankrupts from time to time covering these shipments, some of which were made within 10 days and some more than 10 days after delivery. The first payment was made August 31, 1900. The trustee contends that these shipments of goods were upon credit, and to the extent thereof increased the indebtedness of the bankrupts already existing, and that the payments made by the bankrupts operated as preferences in favor of Parke, Davis & Co., within the meaning of paragraph "a" of section 60 of the bankrupt law of July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. Parke, Davis & Co., however, insist: (1) That these shipments, under the agreement as understood by the parties, and according to the usage of merchants, were sales for cash, and not upon credit, and that the payments made by the bankrupts must be treated as cash payments, and stand upon the same footing as if the money had been paid immediately upon the shipment and delivery of the goods. (2) That if the payments be regarded as preferences, and the shipments as sales on credit, yet it was a new credit, entitling them to a set-off, within the meaning of paragraph "c," § 60, of the bankrupt law, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446].

If the parties, by agreement, can treat a sale of goods on 10 days' time as a cash transaction, they may also, by agreement, treat a sale on 30 or 60 days' or longer time as a cash transaction, and practically defeat the operation of sections 57g and 60a of the bankrupt act (30 Stat.

560, 562 [U. S. Comp. St. 1901, pp. 3443, 3445]). Sections 57g and 60a of the bankrupt act do not contemplate a usage of merchants or a conventional arrangement between the parties which would enable any one of the creditors of a bankrupt to obtain a greater percentage of his debt than any other of such creditors of the same class. A sale of goods to be paid for in 10 or 30 days is not, in fact, a cash transaction, and cannot, by agreement of the parties, or a usage of merchants, be regarded as such within the meaning of the bankrupt law.

But although it was not a cash transaction, but a credit, yet it was a new credit, without security of any kind, for property which became a part of the bankrupt's estate, and which, if given in good faith, would, within the meaning of paragraph "c," § 60, of the bankrupt law (30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]), entitle them to set it off against the amount of the alleged preferences which otherwise would be recoverable from them. As shown by the testimony of Hall, the credit man of Parke, Davis & Co., it was given in view of the insolvency of the bankrupts, in the hope that it might enable them, in the language of the witness, to "eventually work out." Three years were given in which to pay the then existing indebtedness, and to keep the business going the bankrupts were to be supplied with goods from time to time, upon short credit, and, as the evidence shows, the goods so supplied were, in fact, used in carrying on the business. The payments were not intended to be applied upon the pre-existing indebtedness, the time for the payment of which had been extended one, two, and three years, but were for goods which became a part of the bankrupt's estate. No advantage was sought or obtained as against other creditors, and under these circumstances the court cannot find that there was a want of good faith which could defeat the right of set-off. Allowing the set-off, therefore, and accepting the figures of counsel for the creditor, the balance which must be treated as a preference is $110.15, upon the surrender of which the claim of the creditor should be allowed.

The order of the referee, therefore, will be reversed, with instructions to allow the claim of Parke, Davis & Co. upon payment to the trustee of $110.15, or upon their refusal or failure to do so, within a reasonable time to be fixed by the referee, to reject and disallow the claim.